IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION



LARRY D. CHRISTMAS, JR.,                                              PLAINTIFF

VS.                                                  CAUSE NO. 1:15cv412LG-RHW

CITY OF GULFPORT, MISSISSIPPI; GULFPORT FIRE DEPARTMENT;
AND MICHAEL BEYERSTEDT, FIRE CHIEF

                                                                      DEFENDANTS

## AMENDED COMPLAINT

## (JURY TRIAL DEMANDED)

**COMES NOW,** Plaintiff, Larry D. Christmas, Jr., and files this his Complaint against the Defendants, City of Gulfport, Mississippi; Gulfport Fire Department; and Michael Beyerstedt (Fire Chief), in his official capacity and for grounds would show unto the court the following to wit:

## JURISDICTION AND VENUE

1. This racial discrimination lawsuit is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000 et seq., the Civil Rights Act of 1866 and 42 U.S.C. § 1981 and 29 U.S.C. § 2001 et seq.

Jurisdiction of the Court is invoked pursuant to 42 U.S.C. § 2000E-5(f), 28 U.S.C. § 1343(a)(3) & (4) and 28 U.S.C. § 1331.

2. Venue is proper pursuant to U.S.C.§ 1391(b) since the unlawful hiring practices were committed in the Southern Division of the Southern District of Mississippi and that is where the hiring records relevant to the unlawful conduct are maintained and administered.

## PARTIES

3. Plaintiff, Larry D. Christmas, Jr., is an adult African American male citizen of the State of Mississippi, Southern District of Mississippi, Southern Division.

4. The City of Gulfport, Mississippi is a municipal corporation duly organized and existing under the laws of the state of Mississippi. The City of Gulfport, Mississippi is an employer as defined by Title VII. The City of Gulfport, Mississippi is a "person" for purposes of enforcement of the rights guaranteed under 42 U.S.C.§1983. Gulfport Fire Department is a department, agency, bureau, and or subdivision of the City of Gulfport, Mississippi and is the employer of Chief Michael Beyerstedt.

5. Defendant Michael Beyerstedt is employed by the City of Gulfport, Mississippi as a Fire Chief.

6. The City of Gulfport, Mississippi may be served with process of this Court by serving a copy of the Summons and Complaint upon its City Clerk Linda Elias, 1410 24th Avenue Gulfport, MS 39501. The Gulfport Fire Department may be served with process of this Court by serving a copy of the Summons and Complaint at 1515 23rd Ave. Gulfport, MS 39501.

7. Michael Beyerstedt, Fire Chief, may be served with process of the Court by serving a copy of the Summons and Complaint at 1515 23rd Ave. Gulfport, MS 39501.

## STATEMENT OF FACTS

8. Plaintiff, Larry D. Christmas, Jr., an African American male, applied with the City of Gulfport's Fire Department for the position of Fire Fighter in the spring of 2014. Christmas took a written Civil Service Exam with the City of Gulfport for this position as well as the physical exam.

9. Christmas passed both exams and interviewed for the position in July of 2014. During the interview, the City made reference to Christmas's dreadlocks. Christmas contacted the city by email in reference to his dreadlocks, and they did not reply to his email.

10. Christmas awaited a response from the City for the position and was informed that they were going to fill the position in August of 2014 and would hire again in December of 2014.

11. Christmas received a call and text informing him that they needed him to come in for a second interview. During the second interview, Christmas was commended of his abilities that were exhibited during his physical exam and was told that he had a personality that would be a great fit for the Fire Fighter position.

12. Christmas was also informed during the second interview that he was hired but his dreadlocks were a problem and would have to be cut. He was informed that his dreadlocks would have to be cut off before the City's upcoming ball.

## ADMINISTRATIVE PROCEDURE

13. Plaintiff exhausted his administrative remedies as evidenced by "Exhibit A" which is attached and incorporated herein. Plaintiff filed a charge of racial discrimination, satisfying the requirements of 42 U.S.C. § 2000 (e) with the Equal Employment Opportunity Commission in Jackson, Mississippi. Such charge was filed within (180) days after the last unlawful hiring employment practice occurred.

14. The Equal Employment Opportunity Commission mailed a Notice of Rights letter to the plaintiff on or about September 16, 2015. A true and correct copy of the Notice of Rights is attached hereto as "Exhibit A".

15. Plaintiff's Complaint was filed within (90) days of the Plaintiff's receipt of the Notice of Rights. Plaintiff complied with all statutory and administrative prerequisites to filing suit.

## CAUSES OF ACTION

## COUNT I- EQUAL RIGHTS (§ 1981)

16. The actions and the inactions of the defendant as mentioned above, violated rights secured to plaintiff by 42 U.S.C. § 1981.

## COUNT II- EQUAL EMPLOYMENT (§ 2000E-5)

17. The actions and the inactions of the defendant as mentioned above, violated rights secured to plaintiff by 42 U.S.C. § § 2000e, et. seq.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

18. Plainiff realleges all prior paragraghs of the Complaint as if set out here in full. The actions and inactions of the Defendant, as mentioned above, constituted an intentional infliction of emotional distress on the Plaintiff. As a proximate consequence of the actions of Defendant, the Plaintiff was harmed.

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

19. Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full. The actions and inactions of the Defendant, as mentioned above, constituted a negligent infliction of emotional distress on the Plaintiff. Plaintiff contends the Defendant knew or should have known that it's actions were outrageous and beyond all decency and would cause harm to the Plaintiff. As a proximate consequence of the actions of Defendant, the Plaintiff was harmed.

## CAUSATION, INJURY, DAMAGES

20. As a direct, sole, and proximate result of the actions and inactions of the Defendant and as consequence of the foregoing misconduct, Plaintiff sustained pain and suffering, great mental distress, depression, physical injury, humiliation, and anguish.

21. As a direct, sole, and proximate result of the actions and inactions of the Defendant, as mentioned above, the plaintiff has been injured and damaged and seeks recovery of compensatory damages in the amount of $500,000.00 and punitive damages in the amount of $2,000,000.00.

## RELIEF

22. Plaintiff requests that this Court enter a declaratory judgment declaring that the actions and inactions of the Defendant, as mentioned above, constitute

unlawful race discrimination, intentional infliction of emotional distress, and negligent infliction of emotional distress against Larry D. Christmas, Jr., and enjoining Defendant from in the future engaging in such discriminatory practices.

23. Plaintiff requests that the Defendant award Plaintiff compensatory damages in the amount of $500,000.00 at the trial of this matter; award Plaintiff punitive damages in the amount of $2,000,000.00 at the trial of this matter; and grant such other and further relief as may be just and proper and entitled under the law.

**WHEREFORE PREMISES CONSIDERED,** Plaintiff Larry D. Christmas, Jr., demands judgment of and from the Defendant in the amount of $2,500,000.00, together with Court costs, and interest on the judgment at the legal rate from and after the date of judgment.

**RESPECTFULLY SUBMITTED** this, the 11th day of April, 2016.

*Larry D. Christmas, Jr.*
Larry D. Christmas, Jr.
2718 Bartlett Ave. Apt. C4
Pascagoula, MS 39567
(504)261-6590
larrychristmas@live.com