IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**LARRY D. CHRISTMAS, JR.**                                                                **PLAINTIFF**

**v.**                                                                        **CAUSE NO. 1:15CV412-LG-RHW**

**CITY OF GULFPORT, MISSISSIPPI;**
**GULFPORT FIRE DEPARTMENT; and**
**MICHAEL BEYERSTEDT, FIRE CHIEF**                       **DEFENDANTS**

**ORDER DENYING MOTION TO STRIKE, GRANTING IN PART AND
DENYING IN PART MOTION TO QUASH OR DISMISS, AND DENYING
AS MOOT MOTION TO DISMISS OR, ALTERNATIVELY,
FOR SUMMARY JUDGMENT**

BEFORE THE COURT are the [16] Motion To Strike and the [14] Motion To Quash And Dismiss filed by the Defendant City of Gulfport, Mississippi. Having reviewed the parties' submission and the relevant law, the Court is of the opinion that the Motion To Strike should be denied, and that the Motion To Quash And Dismiss should be granted in part and denied in part. Defendants Gulfport Fire Department and Michael Beyerstedt will be dismissed. Therefore, the Court finds that the [7] Second Amended Complaint is the controlling Complaint in this action, and that the City is the only remaining Defendant. Additionally, the City has filed a [17] Motion To Dismiss Or, Alternatively, For Summary Judgment. Because that Motion concerns the [5] First Amended Complaint, which no longer controls, the Court will deny the Motion as moot.

## BACKGROUND

This is an employment discrimination action by Christmas, a black male and a practicing Nazarite. (*See* Sec. Am. Compl. 2-3 (¶4), ECF No. 7). Christmas

alleges that "[i]n accordance with his religious beliefs and as a part of the exercise of his religion, [he] refrains from cutting the hair on his head in order to allow the locks of his head's hair to grow." (*Id.* at 2-3 (¶4).

Christmas states that he applied for a firefighter position with the City "in the spring of 2014." (*Id.* at 4 (¶9)). He claims that he was told he would be hired, but that "his dreadlocks were a problem and would have to be cut." (*Id.* at 5 (¶13)). He further claims that he told Michael Beyerstedt, the City fire chief, "that he could not cut his hair because it was against his ethnic and religious beliefs." (*Id.*). Christmas alleges that he did not get the job because of his race, religion, and gender. In his Second Amended Complaint, he sues the City of Gulfport, the Gulfport Fire Department, "and Michael Beyerstedt (Fire Chief), in his official capacity . . . ." (*Id.* at 1).

## DISCUSSION

The City has moved to strike Christmas' [7] Second Amended Complaint as being filed in contravention of Federal Rule of Civil Procedure 15. It has also filed a Motion To Quash And Dismiss, arguing that even if the Second Amended Complaint is the controlling complaint, the Fire Department and Beyerstedt are not proper Defendants, and the City was not properly served with a copy of that Complaint. Finally, the City has made substantive arguments for dismissal of the [5] First Amended Complaint in its Motion To Dismiss Or, Alternatively, For Summary Judgment.

**Motion To Strike**

Christmas filed a [1] Complaint on December 15, 2015, and filed his [5] Amended Complaint on April 12, 2016. He then filed his [7] Second Amended Complaint on May 12, 2016. However, he did so without leave of court or the consent of any defendant in violation of Federal Rule of Civil Procedure 15. As a result, the City argues that the Second Amended Complaint "must be stricken." (Mot. To Strike 3, ECF No. 16).

Nevertheless, "'[l]eave to amend under Rule 15(a) is to be freely given.'" *Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667, 678 (5th Cir. 2013) (citation omitted). "In deciding whether to grant leave to amend, the court may consider factors such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, and futility of the amendment." *Id.* (citation and quotation marks omitted).

The Plaintiff is a pro se litigant. This action is in its early stages and the City has not raised any substantive ground for refusing leave to amend. Thus, the Court will allow the Second Amended Complaint.[1]

Because the Court finds that the [7] Second Amended Complaint controls, and Christmas has raised additional claims in that Complaint, the Court will deny

---

[1] The Court cautions Christmas that although he is proceeding pro se, additional amendments to the complaint must follow the requirements of Rule 15. Failure to seek amendment pursuant to Rule 15 could result in the Court striking any improperly filed pleading.

3

as moot the Motion To Dismiss Or, Alternatively, For Summary Judgment filed by the City with respect to the [5] First Amended Complaint.[2] The City is not precluded from raising the same or similar arguments in response to the Second Amended Complaint, if applicable.

**Motion To Quash And Dismiss**

Having thus determined that the [7] Second Amended Complaint is the controlling Complaint, the Court next considers the service and other issues raised by the City with respect to that Complaint. The City argues that the Gulfport Fire Department lacks capacity to be sued, and that the claims against Fire Chief Michael Beyerstedt in his official capacity should also be dismissed. Movant further argues that Christmas did not effect proper service on the City by serving a copy of the Second Amended Complaint on Linda Elias, City Clerk, and Beyerstedt, the Fire Chief.

Christmas has responded that the City should have filed a supporting brief instead of including its legal arguments in its Motion, that the caption of the Motion is incorrect, and that "[a] more definite statement is necessary in determining what the Motion . . . is actually requesting." (Pl. Mem. In Resp. To Mot. To Quash And Dismiss 3, ECF No. 21). None of these contentions are persuasive.

---

[2]An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading. *King v. Dogan,* 31 F.3d 344, 346 (5th Cir. 1994).

The local rules generally require a supporting brief when a Motion is filed. The City incorporated its legal arguments into its Motion instead of filing a separate brief. While the City is admonished not to do so in the future, this does not result in a situation where a plaintiff was not given fair notice of the arguments to which he needed to respond. Similarly, that the City incorrectly named the "Gulfport Fire Department" as the "City of Gulfport Fire Department" in the caption of the Motion does not persuade the Court that the Motion should be denied. Finally, the arguments in the Motion are sufficiently clear and the Court finds that requiring a more definite statement is unnecessary. Accordingly, the Court will address the City's substantive arguments pertaining to each Defendant.

The City argues that Federal Rule of Civil Procedure 4(j) does not allow a municipality "to be served process by serving one of its clerical employees or its 'Fire Chief.'" (Mot. To Quash And Dismiss 4, ECF No. 14). Rule 4(j) provides:

> A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:
>
> > (A) delivering a copy of the summons and of the complaint to its chief executive officer; *or*
> >
> > (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

(emphasis added). The [12] Proof of Service filed in this action on May 25, 2016, shows that a copy of the Summons and Second Amended Complaint was delivered to Linda Elias on May 16, 2016. The City also represents that a copy of the Summons and Second Amended Complaint was "delivered to Linda Elias, City

Clerk for the City of Gulfport." (*Id.* at 3). This is sufficient service. *See Laster v. Biloxi Police Dep't*, No. 1:14cv335-HSO-JCG, 2015 WL 5970807, at *2 (S.D. Miss. Oct. 14, 2015) ("Pursuant to Mississippi law, municipal corporations such as the City of Biloxi must be served personally by 'delivering a copy of the summons and complaint to the mayor *or* municipal clerk of said municipal corporation.'") (citing Miss. R. Civ. P. 4) (emphasis added).

However, the Gulfport Fire Department "is not a proper party because it is not a political subdivision or legal entity in and of itself, but rather is merely a department of the City . . . ." *See Smith v. City of Gulfport*, No. 1:09cv423-HSO-JMR, 2011 WL 5035976, at *10 (S.D. Miss. Oct. 21, 2011). The Fire Department will be dismissed. *See, e.g.*, *id.* The Court further finds that the action against Beyerstadt in his official capacity – which is the only capacity in which he is sued – should be dismissed as redundant of the claims against the City. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *see also, e.g.*, *Pride v. City of Biloxi*, No. 1:10cv100-LG-RHW, 2011 WL 5835109, at *5 (S.D. Miss. Nov. 21, 2011).

## CONCLUSION

For the reasons discussed herein, the Court finds that the Motion To Strike should be denied and that the Motion To Quash And Dismiss should be granted in part and denied in part. The City's request for costs is denied, and its Motion To Dismiss Or, Alternatively, For Summary Judgment is denied as moot.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [16] Motion

To Strike filed by Defendant the City of Gulfport is **DENIED**. Any responsive pleading to the [7] Second Amended Complaint, which is the controlling Complaint, should be filed within fourteen (14) days of the date of this Order.

  **IT IS FURTHER ORDERED AND ADJUDGED** that the [14] Motion To Quash And Dismiss filed by the City is **GRANTED IN PART AND DENIED IN PART**. The Gulfport Fire Department and Michael Beyerstedt, Fire Chief, are **DISMISSED** as Defendants. The City of Gulfport is the only remaining Defendant. The City's request for costs is **DENIED**.

  **IT IS FURTHER ORDERED AND ADJUDGED** that the [17] Motion To Dismiss Or, Alternatively, For Summary Judgment filed by the City is **DENIED AS MOOT**.

  **SO ORDERED AND ADJUDGED** this the 24th day of June, 2016.

<u>s/ *Louis Guirola, Jr.*</u>
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE