## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**LARRY D. CHRISTMAS, JR.**                                          **PLAINTIFF**

**v.**                                          **CAUSE NO. 1:15CV412-LG-RHW**

**CITY OF GULFPORT, MISSISSIPPI**                                          **DEFENDANT**

## ORDER GRANTING CITY OF GULFPORT'S MOTION TO DISMISS

BEFORE THE COURT is the [26] Motion to Dismiss or, alternatively, for

Summary Judgment filed by Defendant City of Gulfport, Mississippi.  The Motion

has been fully briefed.  Having reviewed the parties' submissions and the relevant

law, the Court is of the opinion that the Motion should be granted.

Plaintiff Larry D. Christmas has failed to state a claim pursuant to 42 U.S.C.

§§ 1981 or 1983.  Furthermore, he cannot pursue his Title VII claims, including his

claims for emotional distress damages, because he did not file a timely charge with

the Equal Employment Opportunity Commission (EEOC).

### BACKGROUND

This is an employment discrimination action by Christmas, a black male and

a practicing Nazarite.  (*See* Sec. Am. Compl. 2-3 (¶4), ECF No. 7).  Christmas

alleges that "[i]n accordance with his religious beliefs and as a part of the exercise

of his religion, [he] refrains from cutting the hair on his head in order to allow the

locks of his head's hair to grow."  (*Id.*).

Christmas states that he applied for a firefighter position with the City "in

the spring of 2014."  (*Id.* at 4 (¶9)).  He claims that he was told he would be hired,

but that "his dreadlocks were a problem and would have to be cut." (*Id.* at 5 (¶13)). He further claims that he told the City fire chief "that he could not cut his hair because it was against his ethnic and religious beliefs." (*Id.*).   Christmas alleges that he did not get the job because of his race, religion, and gender.

## DISCUSSION

In ruling on a motion to dismiss pursuant to Rule 12(b)(6), such as this one, the Court accepts "as true the well-pleaded factual allegations in the complaint and construe[s] the complaint in the light most favorable to the plaintiff." *Hermann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 557 (5th Cir. 2002).  Exhibits attached to a complaint are part of the complaint and are considered as such for purposes of a Rule 12 motion.  *See United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 375 (5th Cir. 2004); *see also* Fed. R. Civ. P. 10(c).

To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and quotation marks omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

2

Applying this standard, the Court finds that the Second Amended Complaint should be dismissed.

Finally, while both the City and Christmas have submitted additional exhibits to the Court, the Court has not considered those exhibits, and, thus, will not convert the Motion to Dismiss into a Motion for Summary Judgment under Rule 56.  Even if the Court had considered those exhibits, however, the result herein would be the same.

**Service Issues**

The City argues that the Second Amended Complaint should be dismissed because Christmas did not effect timely service on it.  Christmas filed a Complaint on December 15, 2015, an Amended Complaint on April 12, 2016, and a Second Amended Complaint on May 12, 2016.  The Second Amended Complaint was served on the City on May 16, 2016.

Rule 4(m) states in pertinent part:

If a defendant is not served within 90 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Additionally, the Fifth Circuit has held that a district court has discretion "to extend the time for service even when a plaintiff fails to show good cause." *See Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996); *see also Shanshan Zhan v. Univ. of Miss. Med. Ctr.*, No. 3:14-cv-00777-CWR-FKB, 2015 WL 6511560, at *1

(S.D. Miss. Oct. 28, 2015). "District courts even have discretion to grant retroactive extensions." *Zhan*, 2015 WL 65115601, at *1. The Court finds it prudent to proceed to the merits on this action, and will therefore grant a retroactive extension and deny dismissal on this ground.

**Plaintiff's Claims**

The [7] Second Amended Complaint includes causes of action for violation of 42 U.S.C. § 1981 (Count I), Title VII race, religious, and gender discrimination (Counts II-V[1]), and unnumbered counts for intentional and negligent infliction of emotional distress (*see id.* 8-9 (¶¶ 23-24)). The Court discusses each of these Counts in turn below.

### A.     Section 1981

"Section 1981 prohibits race discrimination in the making and enforcement of contracts." *Mitchell v. Wilson*, 51 F.3d 1045, *2 (5th Cir. 1995). But, as the City correctly points out, this section "does not afford a remedy for violation of rights guaranteed thereunder when such claim is pursued against a governmental entity." *See Washington v. City of Gulfport*, 351 F. App'x 916, 918-19 (5th Cir. 2009) (citing *Oden v. Oktibbeha Cnty.*, 246 F.3d 458, 463 (5th Cir. 2001)). "Section 1981 does not itself create a cause of action against a municipality; rather, a plaintiff complaining of a municipality's violation of § 1981 must assert his claims via [42 U.S.C.] § 1983."

---

[1] The Court construes Count V for "equal employment" under Title VII as redundant of the other Title VII claims.

*Crawford v. City of Houston*, 260 F. App'x 650, 652 (5th Cir. 2007).

Accordingly, Christmas now contends that, instead, he "has brought forth this claim for relief under 42 U.S.C. § 1983." (Pl. Resp. Mem. 11, ECF No. 29). The City replies that nowhere in the Second Amended Complaint has Christmas "attempted to set out any proper claim under § 1983 against [it], despite now having three (3) bites at the proverbial apple[,]" and that "there are no factual allegations contained anywhere . . . which could remotely supply a basis to support a proper claim under § 1983." (*See* City Reply 6-7, ECF No. 31).

It is clear that Christmas did not even try to state a § 1983 claim until faced with this dismissal. Nevertheless, even accepting Christmas' passing references to § 1983 in his Second Amended Complaint as attempting to state such a claim, "municipal liability under both § 1981 and § 1983 requires proof of three elements in addition to the underlying claim of a violation of rights: a policymaker; an official policy; and a violation of constitutional rights whose moving force is the policy or custom." *See Taylor v. City of Jackson*, No. 3:07-cv-76-WHB-LRA, 2007 WL 3407681, at *2 (S.D. Miss. 2007) (citation, quotation marks, and brackets omitted).

> To hold a municipality liable on such claims . . . a plaintiff must initially allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted. To satisfy the cause in fact requirement, a plaintiff must allege that the custom or policy served as the moving force behind the constitutional violation at issue, or that h[is] injuries resulted from the execution of the official policy or custom. The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts.

*Id.* (citations, quotation marks, and brackets omitted); *see also, e.g.*, *Spiller v. City of Texas City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997).

Here, Christmas "has not alleged any of the elements necessary for maintaining a cognizable Section 1981 or 1983 claim." *See Taylor*, 2007 WL 3407681, at *2  The Court is of the opinion that he "has failed to plead sufficient facts to state a facially plausible claim under either Section 1981 or 1983." *See id.*; *see also, e.g.*, *Thompson v. Mercer*, 762 F.3d 433, 441-42 (5th Cir. 2014); *Wilson v. City of Biloxi*, No. 1:11cv126-HSO-JMR, 2012 WL 1188418, at *8 (S.D. Miss. Apr. 6, 2012).  As a result, these claims will be dismissed without prejudice.

## B.    Title VII

Christmas' EEOC charge, attached to his Second Amended Complaint, states that he was not hired on February 9, 2015.  As that is the last possible date of any alleged discriminatory action, Christmas was required to file his charge by August 10, 2015, but his Complaint shows that the charge was not received by the EEOC until August 13, 2015, and that the EEOC dismissed his charge as untimely.  (*See* Ex. A to Sec. Am. Compl., ECF No. 7-1); 42 U.S.C. § 2000e-5 (EEOC charge must be filed within 180 "days after the alleged unlawful employment practice occurred").

Christmas contends that he mailed his charge on August 8, 2015, and, thus, it was timely.[2]  Fifth Circuit law is clear that "[m]ailing is not filing for the purposes

---

[2] Christmas also argues that his Complaint to the EEOC "was not his actual charge of discrimination."  (Pl. Resp. Mem. 6, ECF No. 29).  This contradicts his Second Amended Complaint in which he references and attaches that EEOC

of Title VII. . . . A claim is considered filed when it is *received* by the EEOC . . . ."
*See Kirkland v. Big Lots Store, Inc.*, 547 F. App'x 570, 573 (5th Cir. 2013) (emphasis
in original). Thus, Christmas' claim was untimely filed on August 13, 2015.
Because Christmas has not shown that equitable tolling should apply, his Title VII
claims will be dismissed with prejudice. *See, e.g.*, *Vaughans v. Delta Health Grp.,
Inc.*, 180 F.3d 264, *1 (5th Cir. 1999); *see also Barrow v. New Orleans S.S. Ass'n*,
932 F.2d 473, 476-77 (5th Cir. 1991).[3]

### C.   Emotional Distress

The City moved to dismiss Christmas' claims for emotional distress based on
his failure to comply with the notice provisions of Mississippi Tort Claims Act, Miss.
Code § 11-46-11(1). Christmas' only response is that "Title VII . . . expressly
provides recovery of emotional distress damages . . . ." (Pl. Resp. Mem. 13, ECF No.
29). Therefore, the Court finds that Christmas has abandoned any state law claim,

---

Complaint as his "charge." (*See* Sec. Am. Compl. 6 (¶15), ECF No. 7, and Ex. A
thereto, ECF No. 7-1). In any event, any actual "charge" filed after the Complaint
was received by the EEOC on August 13, 2016 would have been untimely for the
same reasons discussed herein.

[3]The religious and gender discrimination claims are clearly beyond the scope
of Christmas' EEOC charge. *See Young v. City of Houston*, 906 F.2d 177, 179-80 (5th
Cir. 1990). In his Second Amended Complaint, Christmas himself acknowledges
that his charge cited only racial discrimination. (*See* Sec. Am. Compl. 6 (¶15), ECF
No. 7). Although Christmas mentioned his dreadlocks in the charge, there is no
indication that the dreadlocks were somehow related to his practice of religion. Any
connection to gender discrimination is even more tenuous. There is no evidence that
the EEOC considered religious or gender discrimination at all, and, thus, those
claims may be dismissed for this additional reason. *See, e.g.*, *Young*, 906 F.2d at
179-80.

if he was making any such claim in the first place.  To the extent Christmas is

claiming emotional distress damages pursuant to Title VII, the Court has already

determined that the Title VII claims will be dismissed with prejudice.

**Costs and Attorney's Fees**

In addition to dismissal, the City requests that the Court award it "all costs

incurred with pursuing [its] Motion, including, but not limited to, attorneys' fees

and expenses . . . ."  (City Mem. 8, ECF No. 27).  However, the Court declines to

award costs or fees based on this unsupported argument.

CONCLUSION

For the reasons discussed herein, the Court will dismiss all claims brought by

Plaintiff Larry D. Christmas in this action, but declines the City's request to award

it costs and fees.

**IT IS THEREFORE ORDERED AND  ADJUDGED** that the [26] Motion

to Dismiss is **GRANTED**.  Plaintiff's Title VII claims are dismissed with prejudice.

All other claims are dismissed without prejudice.

**IT IS FURTHER ORDERED AND ADJUDGED** that the City's request for

an award of costs and attorneys' fees is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 22nd day of August, 2016.


s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE

8